UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MI TECHNOLOGIES, INC., <br><br>          MI Technologies, <br><br> v. <br><br> ELECTRIFIED DISCOUNTERS, INC, <br><br>          Electrified. | CIVIL NO. _____ <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

MI Technologies, Inc. ("Plaintiff") for its claims against Defendant Electrified Discounters, Inc. ("Defendant") respectfully alleges as follows:

### PARTIES

1.    Plaintiff is a California corporation having its principal place of business at 2215 Paseo De Las Americas, Suite 30, San Diego, California 92154. Plaintiff is a producer and reseller of consumer electronics products, including aftermarket television and projector lamps.

2.    Defendant is a Connecticut corporation having its principal place of business at 110 Webb Street, Hamden, Connecticut 06517. Defendant is a competing reseller of television and projector lamps.

### JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1332 (diversity); 28 U.S.C. § 1338(a) (any Act of Congress relating to trademarks); and 28 U.S.C. § 1367 (supplemental jurisdiction).

4.    This Court has jurisdiction of this action based upon the diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332, in that Defendant is incorporated and has its principal place of business in Connecticut and Plaintiff is incorporated and has its principal place of

business in California, and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

5. Defendant is subject to personal jurisdiction in this district because Defendant is resident in and conducts business transactions within this district and such conduct has caused injury to Plaintiff in this district.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because Defendant's transactions in this district constitute a substantial part of the events giving rise to Plaintiff's complaint. Furthermore, Plaintiff has suffered harm in this district and the Lanham Act provides that venue lies in the place of harm to the plaintiff.

## GENERAL ALLEGATIONS
### Plaintiff's Business

7. Plaintiff is a small San Diego-based business that sells and distributes various consumer electronics products, including replacement parts for televisions and projectors, to independent service centers and individual consumers.

8. Plaintiff was founded by Amir Tafreshi and Ali Irani-Tehrani, and incorporated in 2004. Mr. Tafreshi and Mr. Irani-Tehrani began by selling replacement consumer electronics parts in local markets. Gradually, Mr. Tafreshi and Mr. Irani-Tehrani were able to grow their business and enter more competitive markets throughout the United States. Over the years, through the hard work and dedication of its founders, Plaintiff has successfully established itself as the leading source of high-quality television and projector replacement lamps in the aftermarket.

9. In fact, Plaintiff currently sells replacement lamps to a network of consumers and distributors in over 134 countries both directly and through multiple e-commerce websites operated by Plaintiff, including www.discount-merchant.com and www.discounttvlamps.com. It also sells its lamp products on online marketplace websites, such as Google.com (Google

Shopping), eBay.com, Rakuten.com, and Newegg.com, and is currently a vendor of replacement lamp products to Amazon.com. As a result of Plaintiff's cost-efficient business model, described further below, Plaintiff enjoyed tremendous market success and generated high sales volume until the middle of 2013 when Defendant succeeded in having Plaintiff excluded from the Amazon marketplace website.

10. One of Plaintiff's primary product categories is genuine replacement lamps manufactured by the same companies whose lamps were originally included in rear projection televisions sold by companies like Sony, Mitsubishi, Samsung, and Vizio. These replacement lamps are marketed by Plaintiff under the manufacturers' brand names, such as PHILIPS (by Koninklijke Philips Electronics N.V.), OSRAM (by OSRAM AG), and USHIO (by USHIO America, Inc.). While Plaintiff is the largest U.S. distributor of PHILIPS®-branded replacement lamps, Plaintiff has traditionally sold far fewer OSRAM®-branded replacement lamps because it could not compete with Defendant's low prices for OSRAM®-branded replacement lamps.

11. PHILIPS® and OSRAM® are registered trademarks in the United States. U.S. Registration No. 967,409 for PHILIPS for "electric lamps" among other items issued on September 4, 1973, and U.S. Registration No. 1,552,573 for OSRAM for "electric lamps" among other items issued on August 27, 1989. The foregoing registrations are valid, existing, and in full force and effect.

12. In addition to selling bare replacement lamps, Plaintiff specializes in low-cost assembly and injection molding of plastic cartridges, which protect the lamps, at Plaintiff's production facility. Plaintiff provides warranty and support services to its customers for these assembled products and manages its servicing operations internally, including the operation of its fully-staffed call center. Because of Plaintiff's ability to reduce many of its production and service costs, it successfully competes with other resellers of replacement lamps in the projector lamp aftermarket by offering high-quality products at a lower cost, to the point that it has become the low-cost leader in this market sector.

13. All of Plaintiff's products are marketed to consumers as replacements for stock projector lamps found in rear projection TVs and front projectors. Where Plaintiff offers different replacement lamp types for a given television or projector lamp, Plaintiff makes it clear on its e-commerce websites and listings whether the lamps are brand name or generic by clearly listing and designating as "OEM" those lamps which are made by the company who originally supplied the lamp used in the television and as "OEM Compatible" those lamps that are generic. The original manufacturer is identified by name where applicable, and Plaintiff clearly distinguishes between brand name and generic replacement lamps in its product descriptions.

### Defendant's Business

14. Defendant is a competing seller and distributor of replacement lamp products.

15. According to its public website (www.electrified.com), Defendant sells "O-Series" and "E-Series" lamps and bulbs, with the "O-Series" term indicating products containing a "Factory Original Bulb" and "E-Series" indicating products that Defendant claims are generic equivalents to factory original lamps. Defendant sells primarily generic replacement lamps and OSRAM®-branded factory original lamps and bulbs on its website and at third-party retail websites, including Amazon.com, Google.com, Newegg.com, eBay.com, and Rakuten.com.

### Defendant's Counterfeiting

16. On information and belief, Defendant has a history of misleading consumers as to the brand and origin of the generic replacement lamps sold by Defendant, including engaging in counterfeiting.

17. On information and belief, Defendant previously sold generic replacement lamps under the PHILIPS® brand that falsely designated Philips as the manufacturer of the lamps. Defendant's use of the PHILIPS® mark to designate generic replacement lamps that were not manufactured by Philips deceived consumers as to the lamps' origin and diverted replacement lamp sales from Plaintiff, Philips' largest authorized distributor, to Defendant, as Defendant sold

its PHILIPS®-branded lamps at a lower price than Plaintiff. On information and belief, Defendant only ceased use of the PHILIPS® mark in connection with the sale of generic replacement lamps after Plaintiff discovered that the PHILIPS®-branded lamps sold by Defendant were not PHILIPS® lamps and were instead inferior generic replacement lamps manufactured by companies in Asia. Plaintiff alerted Philips to these infringing sales by Defendant, and Philips forced Defendant to stop use of its PHILIPS® mark, but not until after Plaintiff had suffered a significant loss in sales of PHILIPS® lamps.

18. On information and belief, Defendant currently sells counterfeit replacement lamps under the OSRAM brand through Defendant's accounts on various marketplace websites and on Defendant's www.electrified.com website.

19. On March 26, 2015, Plaintiff's president, Mr. Tafreshi, ordered an OSRAM®-branded rear projection television replacement lamp, model number XL-2100, from Defendant via the Amazon website. The lamp is a replacement for a Sony television, which originally used only lamps manufactured by Philips. The product detail page for the product is shown below:

> **OSRAM XL-2100 / 69374 / BULB 46 / P-VIP 120/132W 1.0 P22H FACTORY ORIGINAL BULB ONLY FOR SONY TELEVISIONS**
> by Osram
> Be the first to review this item
>
> Price: **$49.00** & **FREE** Shipping. Details
>
> Only 5 left in stock.
> Sold by Electrified and Fulfilled by Amazon. Gift-wrap available.
>
> **Want it Friday, April 3?** Order within **12 hrs 22 mins** and choose One-Day Shipping at checkout. Details
>
> - Works With The Following Sony Models:
> - KDF42WE655 , KDF50WE655 , KDF60XBR950 , KDF70XBR950 , KF42SX300U , KF42WE610 , KF42WE620 , KF50SX300 , KF50WE610 , KF50WE620 , KF60SX300 , KF60WE610 , KF60WE620 , KFWE42S1
> - 
> - THIS IS A BULB ONLY! NO HOUSING IS INCLUDED! BULB FOR XL-2100
>
> 2 new from $48.25    1 used from $6.11

20. Defendant cancelled the first order before the product was shipped by Amazon, so Mr. Tafreshi placed another order, which was to be shipped directly from Amazon's warehouse.

The product arrived on March 28, 2015 in a box that said it was shipped from "Electrified." Inside, there was a brown box bearing a sticker with the ELECTRIFIED LAMPS trademark, the wording "Made in China," and a serial number. The serial number on the label matched the serial number that was on a sticker affixed to the side of the lamp. There was also a packing slip that said that the product was "sold by Electrified" and which contained the following description of the product: "OSRAM XL-2100 / 69374 / BULB 46 / P-VIP 120/132W 1.0 P22H FACTORY ORIGINAL BULB ONLY FOR SONY TELEVISIONS."

21.     Mr. Tafreshi immediately noted that although the lamp had the OSRAM® trademark on it, the product did not look like OSRAM®-branded products that Plaintiff buys from authorized U.S. distributors of OSRAM® lamps, which are manufactured by and distributed in the U.S. by OSRAM SYLVANIA ("Osram"), headquartered in Danvers, Massachusetts. Mr. Tafreshi compared the product sold by Defendant to genuine OSRAM® products and noted a number of differences: (i) the genuine OSRAM® products state "Made in China" while the counterfeit product states "Made in P.R.C."; (ii) the stamp on the counterfeit product is off-center and fading, (iii) the stamp on the counterfeit product has E22H while genuine products would have E22h or E22ha (lower case "h" or "ha," not an upper case "H"), (iv) the reflector on the counterfeit product has a big gap between the lens and the cup, which is not present on the genuine products, (v) the cement potting holding the filament in place on the counterfeit product has been cured in a horizontal environment rather than vertical, leaving an unfilled area at the neck of the lamp, (vi) the screw threading on the back is sunk into the cement in the counterfeit product, and (vii) the glue used on the front glass on the counterfeit product is clear while genuine OSRAM® products have white glue holding the front glass in place. Photos of the counterfeit and genuine products are shown below:

| Original | Counterfeit |
|---|---|



22. On March 30, 2015, Mr. Tafreshi reported the counterfeit products to Osram, and also ordered four additional OSRAM®-branded products from Defendant. Mr. Tafreshi also sent photos of the first product that he ordered to Osram, who confirmed that it appeared to be a fake.

23. When the second order of OSRAM®-branded products arrived on March 31, 2015, Mr. Tafreshi inspected all four of those products and they all appeared to be counterfeit with deficiencies similar to those described above. Thereafter, Mr. Trafreshi ordered 100 additional OSRAM®-branded products from Defendant via Amazon, and had some shipped directly to Osram, some to himself, and some to his counsel. All of the products shipped to Mr. Tafreshi have been inspected and appear to have the same type of deficiencies described above. Osram has confirmed by telephone that the products it received appear to be fakes.

24. On information and belief, Defendant's sale of counterfeit products has deceived and continues to deceive consumers as to the lamps' origin and diverted replacement lamp sales from Plaintiff and other resellers of genuine OSRAM®-branded replacement lamp products.

25. On information and belief, a customer recently bought a Mitsubishi 915B441001 Factory Original OSRAM Bulb in E-Housing for Model WD73638 lamp product from Defendant via eBay. The customer, perhaps assuming that the "Made in P.R.C." stamp on the

product referred to Puerto Rico, posted a review claiming "SCAM - NOT OEM $30.00 to return BUYER BEWARE made in puerto rico!!!!" Defendant responded to this complaint on March 26, 2015 with the statement: "OSRAM Sylvania Puerto Rico Corp. operates as a subsidiary of OSRAM GmbH." Attached hereto as Exhibit A is a true and correct copy of the review, Defendant's response, and the associated product detail page.

26. On information and belief, none of the OSRAM® branded products is made in Puerto Rico. In fact, all of the counterfeit OSRAM® products that Plaintiff has received from Defendant with the "Made in P.R.C." stamp on the lamps have come in boxes with a label that says both "Made in China" and ELECTRIFIED LAMPS, as shown below:



27. A second eBay customer recently stated in a review regarding Defendant's sale of an alleged OSRAM®-branded product: "NOT original bulbs as stated! Didn't work! Did give me a refund though." That review was posted for a product sold by Defendant that was described as "Mitsubishi 915B403001 Factory Original OSRAM Bulb in E-Housing for Model WD73737. Defendant responded to the review on March 26, 2015 by stating: "THEY ARE INDEED ORIGINAL BULBS AS MARKED PLEASE STOP MISINFORMING PEOPLE." Attached hereto as Exhibit B is a true and correct copy of the review, Defendant's response, and the associated product detail page.

### Harm to Plaintiff

28.     Plaintiff has suffered serious economic harm as a result of Defendant's conduct as it is not able to compete with the low-priced counterfeit OSRAM®-branded products that Defendant has been selling.

29.     Defendant is intentionally and knowingly selling counterfeit OSRAM®-branded replacement lamps for the purpose of trading on the goodwill and reputation of Osram, which is represented by the registered OSRAM® trademark.

30.     Defendant's willful conduct is continuing and will continue unless restrained by the Court. Unless Defendant is enjoined from engaging in the wrongful conduct described above, Plaintiff will suffer irreparable injury and further harm. Plaintiff has no adequate remedy at law.

### FIRST CAUSE OF ACTION

### (False Designation Of Origin Under 15 U.S.C. § 1125(a))

31.     Plaintiff realleges and incorporates herein paragraphs 1 through 30 of this Complaint.

32.     Defendant's conduct, as described above, constitutes false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

33.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has been, is now, and will be irreparably injured and damaged by Defendant's aforementioned acts.

34.     Plaintiff is an authorized reseller of genuine OSRAM®-branded television and projector replacement lamps and therefore has standing to bring this claim.

35.     On information and belief, Defendant had actual knowledge of Osram's ownership of the OSRAM® mark prior to its sale of counterfeit OSRAM®-brand replacement lamps.

36.     On information and belief, Defendant used the OSRAM® mark to falsely designate the origin of counterfeit replacement lamps sold by Defendant by marking the products

9

themselves or having them marked for Defendant with the OSRAM® trademark. Defendant did this specifically because the OSRAM® brand name has significant international recognition and goodwill from which Defendant intended to profit.

37. On information and belief, Osram did not authorize Defendant to use the OSRAM® mark in connection with the counterfeit replacement lamps.

38. Defendant's unauthorized use of the OSRAM® mark likely deceived, and did in fact deceive, consumers as to the origin of Defendant's counterfeit replacement lamps and likely caused consumers to believe that there was a relationship between Defendant and Osram and/or that Defendant is selling genuine OSRAM® replacement lamps, thus constituting false designation of origin in violation of 15 U.S.C. § 1125(a).

39. Upon information and belief, as a direct and proximate result of Defendant's unauthorized use of the OSRAM® mark on counterfeit replacement lamps, Defendant has received substantial profits to which it is not entitled. In addition, as a direct and proximate result of the aforementioned unauthorized use, Plaintiff has suffered actual monetary damages, including lost profits from sales of OSRAM®-branded replacement lamps that were diverted to Defendant, who sold its falsely designated OSRAM® counterfeit lamps at a lower price than Plaintiff.

40. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has been, is now, and will be irreparably injured and damaged by Defendant's aforementioned acts.

41. On information and belief, Defendant acted maliciously and willfully to usurp Plaintiff's rights, and Defendant should be held liable to Plaintiff for treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## SECOND CAUSE OF ACTION

### (Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq.*)

42. Plaintiff realleges and incorporates herein paragraphs 1 through 41 of this Complaint.

43. Defendant is engaged in a business or trade as described above.

44. By reason of the foregoing acts, Defendant has engaged in unfair or deceptive business practices in violation of CUTPA by the unauthorized importation, use, distribution, offer for sale, and/or sale of products bearing a reproduction, counterfeit, copy, or colorable imitation of the OSRAM® and PHILIPS® trademarks.

45. The acts or practices of Defendant as described above constitute a violation of CUTPA in that (a) the actions and practices of Defendant offend public policy as it has been established by statutes, common law or other established concepts of unfairness; and/or (b) the actions and practices of Defendant are immoral, unethical, oppressive or unscrupulous; and/or (c) the actions and practices of Defendant cause substantial injuries to consumers, competitors or other business persons.

46. Defendant's actions, as described above, were willful and intentional and were performed as part of and in connection with the services it provides in the conduct of a trade, business or commerce.

47. Defendant's actions, as described above, have had a detrimental effect on Plaintiff's business, which is connected to and affects interstate commerce.

48. Defendant's actions constitute unfair methods of competition and unfair trade practices in violation of CUTPA.

49. As a direct and proximate cause of Defendant's complained-of acts, Plaintiff has been suffering damages and unless restrained will continue to damage Plaintiff, including causing irreparable injury to its reputation and goodwill. Plaintiff has no adequate remedy at law.

50. Plaintiff has also suffered, and will continue to suffer, an ascertainable loss of money or property as a direct and proximate result of Defendant's use of an act, practice or method prohibited by CUTPA and is entitled to recover compensatory damages and interest in an amount to be proven at trial for the injuries Defendant has inflicted upon Plaintiff.

51. Plaintiff is entitled to money damages, costs and reasonable attorneys' fees and punitive damages under CUTPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. That judgment be entered in favor of Plaintiff and against Defendant on each and every Claim of this Complaint;

2. For entry of an order and judgment requiring that Defendant and its officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with them, be enjoined during the pendency of this action and permanently thereafter from (a) selling counterfeit replacement lamp products, or any lamp products that use trademarks that incorporate or are confusingly similar to the OSRAM® and PHILIPS® trademarks except for products that Defendant buys directly from an authorized U.S. distributor for Osram or Philips, (b) otherwise competing unfairly with Plaintiff in any manner, and/or (c) assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in parts (a) through (b) of this paragraph 2;

3. For entry of an order and judgment directing Defendant to file with this Court and serve upon Plaintiff, within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction as set forth above;

4. For entry of an order and judgment directing Defendant, pursuant to 15 U.S.C. § 1118, to deliver up for destruction, or to show proof of said destruction or sufficient

modification to eliminate the infringing matter, all catalogs, articles, products, displays, labels, circulars, promotional items, literature, or other matter in the possession, custody, or under the control of Defendant or its agents, that bear the counterfeit OSRAM® and PHILIPS® trademarks;

5. A judgment in the aggregate amount of (a) Defendant's profits, (b) Plaintiff's actual damages, (c) the costs of this action pursuant to 15 U.S.C. § 1117, and (d) restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits that may have been obtained by Defendant as a result of its unfair, unlawful and/or fraudulent business acts or practices;

6. That the Court award damages in an amount to be determined according to proof;

7. That the Court award special damages in an amount to be determined according to proof;

8. That the Court award enhanced damages under 15 U.S.C. § 1117;

9. That the Court award damages to Plaintiff in an amount yet to be determined, including damages for injury to Plaintiff's business reputation and goodwill and all other damages arising out of Defendant's acts of false designation of origin and unfair competition, pursuant to CUTPA, Conn. Gen. Stat. § 42-110g(a);

10. That the Court award punitive damages to Plaintiff under CUTPA, Conn. Gen. Stat. § 42-110g(a);

11. That the Court award Plaintiff reasonable attorneys' fees, expenses and costs, to the extent Plaintiff is entitled under applicable law, including under CUTPA, Conn. Gen. Stat. § 42-110g(d);

12. That the Court award Plaintiff prejudgment interest to the extent Plaintiff is entitled under applicable law; and

13. That the Court grant such other and further relief as it deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable under the law as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: April 3, 2015          By: */s/ Jona Kim*
                                  Brian E. Moran (ct05058)
                                  Jona Kim (ct28532)
                                  Robinson & Cole LLP
                                  1055 Washington Boulevard
                                  Stamford, CT 06901
                                  Tel. No.: (203) 462-7500
                                  Fax No.: (203) 462-7599
                                  E-mail: bmoran@rc.com
                                          jkim@rc.com

OF COUNSEL:

Jennifer Lee Taylor (*pro hac vice* pending)
JTaylor@mofo.com
Joyce Liou (*pro hac vice* pending)
JLiou@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

                                  Attorneys for Plaintiff
                                  MI TECHNOLOGIES, INC.